# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA BERRY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>EDITH EARLEEN JUDKINS, )<br>Bondsman/Supervisor; MATTHEW )<br>DUSTIN KLIDWER, Bondsman; )<br>ERNEST D. HOWELL, Bondsman; )<br>JERIEL GRAY, Bondsman, )<br>)<br>Defendants. ) | Case No. CIV-15-1107-HE |

## REPORT AND RECOMMENDATION

### Defendant Judkins

Plaintiff, a state inmate appearing pro se, initiated this 42 U.S.C. § 1983 action against Defendants Edith Earleen Judkins, Matthew Kliewer,[1] Ernest Howell, and Jeriel Gray. *Id.* Chief United States District Court Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C).

---

[1] In docketing this action, the Clerk of Court construed Defendant's name as Matthew Dustin Klidwer. *See* Doc. 1, at 2, 5. Filings in *State v. Kliewer*, Case No.CF-2015-215, District Court of Garfield County, Oklahoma, establish that Defendant's name is Matthew Dustin Kliewer. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=garfield&number=CF-2015-215&cmid=363251.

Because Plaintiff is no longer responding to court orders and is failing to prosecute his action against Defendant Judkins, the undersigned recommends the dismissal without prejudice of Plaintiff's action against her. *See* Fed. R. Civ. P. 41(b).

I.  **Background.**

On January 8, 2016, Plaintiff received permission to proceed with service of process on the four named Defendants in accordance with Fed. R. Civ. P. 4. Doc. 12. The undersigned advised Plaintiff that service was his responsibility and, to that end, ordered him to complete the enclosed service papers and to send them to the Clerk of Court within twenty days for processing and issuance. *Id.* The undersigned further "advised that failure to comply with this order could result in dismissal of this action." *Id.* Plaintiff promptly filed a pro se litigant's request for issuance of summons, but he did so for only one of the named Defendants, Edith Earleen Judkins. Doc. 13. He identified her address for service as "Action Bail Bonds[,] 205 W. Maple Ave." *Id.* The Clerk of Court then issued the summons completed by Plaintiff to "Edith Earleen Judkins[,] 205 W. Maple Ave.[,] Enid OK, 73701." Doc. 14. A deputy U.S. Marshal subsequently filed a return of service, certifying that he had "legal evidence of service" on "Steve Lewis – Enforcement Bail Bond Agent[,] 2110 N. Grand Street, Enid, OK 73701." Doc. 17, at 1.

2

On April 25, 2016, Defendant Judkins challenged the service of process by a Special Entry of Appearance and Motion to Quash Service of Process. *See* Doc. 19.[2] To support the motion, Defendant Judkins correctly recited, *id.* at 2, that under federal procedural rules, an individual may be served (1) by "delivering a copy of the summons and of the complaint to the individual personally"; (2) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2).[3]

In further support, Defendant Judkins stated that the address Plaintiff designated for service—205 W. Maple Ave., Enid, OK 73701, *see* Docs. 13, 14, 17—"is not the dwelling or office of Ms. Judkins." Doc. 19, at 1. She also maintained that her "'dwelling or usual place of abode' is not 2110 North Grand Street, Enid, Oklahoma 73701 where the Summons and Complaint were left" and that "<u>Defendant does not reside in Enid, Oklahoma</u> at all." *Id.* at 2. Finally, she contended

---

[2] A defendant may assert the defense of insufficient service of process by motion under Fed. R. Civ. P. 12(b)(5).

[3] In addition, an individual may be served by "following state law for serving a summons . . . in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1).

3

> [t]hat the person with whom the Summons and Complaint were left at the Defendant's office is not an employee of said office or an "agent" of said Defendant, but was rather a personal friend of the Defendant who was using the computer at said office while the Defendant was away from the office.

*Id.*[4] Defendant Judkins argued that "service of process has not been properly effectuated" because she was not personally served with the summons; the summons was not left at her dwelling or usual place of abode with someone who resides there; and the summons was not served on one of her agents. *Id.*

Plaintiff failed to respond to the motion to quash, and on May 26, 2016, the undersigned sua sponte extended his response time, giving him until June 15, 2016. Doc. 21. Also on May 26, 2016, the undersigned ordered Plaintiff "to show cause on or before June 15, 2016, why this action should not be dismissed without prejudice against Defendants Kliewer, Howell, and Gray due to Plaintiff's failure to serve these Defendants within 120 days from January 8, 2016, the date of the court's order for service." Doc. 22.

To date, Plaintiff has not responded to the motion to quash filed on behalf of Defendant Judkins (or to the order to show cause).

## II. Analysis.

"[P]laintiff has the burden . . . of establishing the validity of the service of process . . . ." *Fed. Dep. Ins. Corp. v. Oaklawn Apts.*, 959 F.2d 170, 174 (10th Cir. 1992). Yet even after the undersigned unequivocally notified

---

[4] These allegations are just that. They are unsworn. *See* Doc. 19.

Plaintiff that under this Court's local civil rules (LCvR), specifically, LCvR7.1(g), "[a]ny motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed," Doc. 21, at 1,[5] Plaintiff failed to contest, admit,[6] address, or in any way acknowledge Defendant Judkins' assertions regarding the invalidity of Plaintiff's service of process. Similarly —as more fully detailed by contemporaneous report and recommendation— he failed to respond to the undersigned's order to show cause why this action should not be dismissed without prejudice against Defendants Kliewer, Howell, and Gray. Plaintiff simply stopped responding to the court's orders and ceased all communication. In short, he is no longer engaged in the prosecution of this case.

---

[5] In sua sponte extending Plaintiff's time to respond to Defendant Judkins' motion to quash, the undersigned made it equally clear that it was a one-time offer. *See* Doc. 21, at 2 ("On this single occasion . . . and because Plaintiff has otherwise timely prosecuted this action . . . .").

[6] Although Plaintiff is proceeding pro se, he is responsible for serving each Defendant with a summons and a copy of the complaint within an allotted time period. *See* Fed. R. Civ. P. 4(c)(1), (m); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (holding that even when a litigant appears pro se, he is "obligated to follow the requirements of Fed. R. Civ. P. 4"). Plaintiff is well aware of this requirement. *See* Doc. 12 ("It is now Plaintiffs responsibility to serve the complaint and accompanying summons on the Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure."). If Plaintiff concluded he could not defend the validity of the service of process, he failed to communicate this to the court either directly or indirectly by taking steps to meet his service obligations.

If a plaintiff fails to comply with a court order or rule or fails to prosecute his case, a district court has the discretion to dismiss the action under Fed. R. Civ. P. 41(b). *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). When the dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

A dismissal without prejudice for failure to prosecute or comply with court orders can have the same "practical effect" as a dismissal with prejudice if a period of limitation is implicated. *See AdvantEdge Bus. Grp.*, 552 F.3d at 1236. Defendant Judkins' earliest alleged liability stems from actions occurring on April 1, 2015. *See* Doc. 1, at 1, 3, 4. Oklahoma's two-year statute applies to Plaintiff's claims. *See Meade v. Grubbs,* 841 F.2d 1512, 1522 (10th Cir. 1988), *abrogated on other grounds by Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760 (10th Cir. 2013); *see also* Okla. Stat. tit. 12, § 95(A)(3); *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) ("In a § 1983 action, state law governs issues regarding the statute of limitations and tolling . . . ."). So, the statute of limitations does not bear on the dismissal of this action.

### III. Recommendation and notice of right to object.

The undersigned Magistrate Judge recommends the dismissal without prejudice of Plaintiff's action against Defendant Judkins because Plaintiff is no longer responding to court orders and is failing to prosecute his case.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court by July 28, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 8th day of July, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE