# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOSHUA BERRY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-15-1107-HE |
| | ) |
| **EDITH EARLEEN JUDKINS,** | ) |
| Bondsman/Supervisor; **MATTHEW** | ) |
| **DUSTIN KLIDWER,** Bondsman; | ) |
| **ERNEST D. HOWELL,** Bondsman; | ) |
| **JERIEL GRAY,** Bondsman, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

## Defendants Kliewer, Howell, and Gray

Plaintiff, a state inmate appearing pro se, initiated this 42 U.S.C. § 1983 action against Defendants Edith Earleen Judkins, Matthew Kliewer,[1] Ernest Howell, and Jeriel Gray. *Id.* Chief United States District Court Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C).

---

[1] In docketing this action, the Clerk of Court construed Defendant's name as Matthew Dustin Klidwer. *See* Doc. 1, at 2, 5. Filings in *State v. Kliewer*, Case No. CF-2015-215, District Court of Garfield County, Oklahoma, establish that Defendant's name is Matthew Dustin Kliewer. *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=garfield&number=CF-2015-215&cmid=363251.

Because Plaintiff failed to serve Defendants Matthew Kliewer, Ernest Howell, and Jerial Gray within the time limits prescribed by Fed. R. Civ. P. 4(m), the undersigned recommends the dismissal without prejudice of Plaintiff's action against them.

## I. Background.

On January 8, 2016, Plaintiff received permission to proceed with service of process on the four named Defendants in accordance with Fed. R. Civ. P. 4. Doc. 12. The undersigned advised Plaintiff that service was his responsibility and, to that end, ordered him to complete the enclosed service papers and to send them to the Clerk of Court within twenty days for processing and issuance. *Id.* The undersigned further "advised that failure to comply with this order could result in dismissal of this action." *Id.* Plaintiff promptly filed a pro se litigant's request for issuance of summons, but he did so for only one of the named Defendants, Edith Earleen Judkins. Doc. 13. The Clerk of Court issued summons, and the U.S. Marshals Service subsequently filed a return. Docs. 14, 17. On April 25, 2016, Defendant Judkins challenged the service of process by a motion to quash. *See* Doc. 19.

Plaintiff failed to respond to the motion to quash, and on May 26, 2016, the undersigned sua sponte extended his response time, giving him until June 15, 2016. Doc. 21. Also on May 26, 2016, the undersigned ordered Plaintiff "to show cause on or before June 15, 2016, why this action should

not be dismissed without prejudice against Defendants Kliewer, Howell, and Gray due to Plaintiff's failure to serve these Defendants within 120 days from January 8, 2016, the date of the court's order for service." Doc. 22.[2] The undersigned advised Plaintiff "that his failure to respond will likely result in dismissal of this action against Defendants Kliewer, Howell, and Gray. *See* Fed. R. Civ. P. 4(m)." *Id.* at 2.

To date, Plaintiff has not responded to the order to show cause (or to the motion to quash filed on behalf of Defendant Judkins).

## II. Analysis.

Although he is proceeding pro se, Plaintiff is responsible for serving each Defendant with a summons and a copy of the complaint within an allotted time period. *See* Fed. R. Civ. P. 4(c)(1), (m); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (holding that even when a litigant appears pro se, he is "obligated to follow the requirements of Fed. R. Civ. P. 4"). As detailed above, Plaintiff failed to do so. Plaintiff also failed to respond to the undersigned's show cause order thereby making no attempt to demonstrate good cause for his failure to timely serve Defendants Kliewer,

---

[2] The undersigned explained that effective December 1, 2015, Fed. R. Civ. P. 4(m) now requires service of process upon a defendant within ninety days after the filing of the complaint, but that Plaintiff had 120 days for service because he filed his complaint on October 5, 2015. Doc. 22.

Howell, and Gray and to obtain a mandatory extension of time for service. *See* Fed. R. Civ. P. 4(m). Despite such failure, however, "the district court must still consider whether a permissive extension of time may be warranted." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

The first factor the court considers is whether the statute of limitations would bar the action if refiled. *See id.* at 842. Defendants Kliewer, Howell, and Gray's earliest alleged liability stems from an alleged assault and battery, *see* Doc. 1, occurring on April 1, 2015. *Id.* at 4. Oklahoma's two-year statute applies to Plaintiff's claims. *See Meade v. Grubbs,* 841 F.2d 1512, 1522 (10th Cir. 1988), *abrogated on other grounds by Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760 (10th Cir. 2013); *see also* Okla. Stat. tit. 12, § 95(A)(3); *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) ("In a § 1983 action, state law governs issues regarding the statute of limitations and tolling . . . ."). So, this factor weighs against a permissive extension of time for service.

The second factor the court considers is whether Plaintiff has unsuccessfully attempted to serve the United States. *See Espinoza*, 52 F.3d at 842. This factor is inapplicable here.

Third, as to pro se litigants, "[t]he district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 n.8 (quotation

4

omitted). There does not appear to be any policy consideration that would justify granting Plaintiff a permissive extension of time to serve in this case.

Considering the applicable law and the facts of this case, the undersigned recommends that a permissive extension of time for service of process on Defendants Kliewer, Howell, and Gray is not warranted.

As Plaintiff failed to serve Defendants Kliewer, Howell, and Gray within the allotted time period, the court "must dismiss the action without prejudice against th[ose] defendant[s]." Fed. R. Civ. P. 4(m).

## III. Recommendation and notice of right to object.

The undersigned Magistrate Judge recommends the dismissal without prejudice of Plaintiff's action against Defendants Matthew Kliewer, Ernest Howell, and Jeriel Gray because Plaintiff failed to serve them within the period prescribed by Fed. R. Civ. P. 4 (m).

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court by July 28, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 8th day of July, 2016.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE